

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA ANN THOMAS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:21-2256-MGL |
| § | |
| § | |
| § | |
| § | |
| SC DEPARTMENT OF MENTAL HEALTH, § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Patricia Ann Thomas (Thomas), an African-American woman, filed this lawsuit as a job discrimination action under Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d et seq., against her former employer, Defendant SC Department of Mental Health (the Department). She is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Department's Fed. R. Civ. P. 12(b)(6) motion to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 10, 2022, and Thomas filed two sets of objections: the first on February 24, 2022, and the second on March 8, 2022. On March 10, 2022, the Department filed a reply to the objections; and Thomas filed a sur-reply on March 16, 2022.

The Court has carefully considered all of Thomas's objections and arguments, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge suggests the Court grant the Department's motion to dismiss on the basis that Thomas's Title VI claim is time barred. According to her, the one-year statute of limitations in the South Carolina's Human Affairs Law (HAL), S.C. Code § 1-13-90(d)(6), should be applied to Thomas's Title VI claim.

Over the course of twenty-two pages, Thomas presents a mish mash of many arguments as to why the Court ought not accept the Magistrate Judge's recommendation. But, the Court need only briefly discuss four of them.

First, Thomas maintains that it was improper for the Magistrate Judge to suggest her Title VI claim be dismissed under Fed. R. Civ. R. 12(b)(6) as it is not evident from the face of her complaint that her claim is barred by the statute of limitations.

"A court may grant a [Rule] 12(b)(6) motion on statute of limitations grounds only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted).

Reviewing the complaint, the Court notes Thomas alleges she "was terminated on or about March 26, 2019[,]" Complaint at 7. But, she did not file her complaint until July 23, 2021. Thus, contrary to Thomas's statement otherwise, "the [one-year] time bar is apparent on the face of the complaint." *Id*. As such, the Court will overrule this objection.

Second, Thomas seems to argue the Magistrate Judge was mistaken in not suggesting that equitable tolling ought to save her Title VI claim from dismissal.

"But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Simply put, Thomas has failed to make this requisite showing. In fact, as the Magistrate Judge noted, Thomas "does not explain why she could not have brought this Title VI claim earlier, especially considering the claim is based on the same facts alleged in" a previous case Thomas filed with this Court. Report at 4. Therefore, the Court will also overrule this objection..

Third, Thomas claims the Magistrate Judge erred in applying the HAL one-year statute of limitations. According to her, she had three years under the South Carolina Tort Claims Act (TCA), S,C, Code § 15-78-60, to bring her Title VI claim.

As per Fourth Circuit precedent "federal courts should follow the [most analogous] limitations period set by the state in which the district court sits." *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 224 (4th Cir. 1993). The Magistrate Judge concluded that the one-year statute of limitations in the HAL is the most analogous.

Although certainly not binding on this Court, the Court agrees with the court's reasoning in *Martin v. Clemson University*, 654 F. Supp.2d 410, 432 (D.S.C. 2009), which held that the HAL

> makes it an unlawful employment practice for an employer to fail or refuse to hire, bar, or discharge from employment or otherwise discriminate against an individual with respect to the individual's compensation or terms, conditions, or privileges of employment because of the individual's . . . sex, age, national origin, or disability and [because] the same standard for evaluating claims under the State

3

> Human Affairs Law is used for evaluating claims under federal anti-discrimination laws, the plaintiff's Titles VI . . . claim[ ] for employment discrimination [is] more closely analogous to a claim under the HAL. . . . Therefore, . . . the HAL's one-year statute of limitations should be applied to Plaintiff's Title VI . . . claim[ ].

*Id*. at 432 (internal quotation marks omitted) (internal quotation marks omitted).  Thus, because the Court agrees with the *Martin* court on this question, the Court will also overrule this objection.

Fourth, Thomas argues the Magistrate Judge erred in concluding the statute of limitations commenced when the Department terminated her in March 2019.  According to her, the statute of limitations for her Title VI claim should not have commenced until December 14, 2020, when she received discovery documents allegedly showing the Department discriminated against her by treating her more harshly for her mistakes than it did a similarly situated white woman.

The Department produced those discovery documents in another discrimination case Thomas filed with this Court.  But, with those documents, the Court held that Thomas had "fail[ed] to establish the Department treated a similarly situated white woman less harshly for her billing mistakes than it treated Thomas[.]"  *Thomas v. SC Department of Mental Health*, No. 3:20-cv-1333-MGL-PJG, 2022 WL 682402, at *2 (D.S.C. March 8, 2022).  Thus, it would be illogical for the Court to conclude the statute of limitations did not commence until Thomas received these documents, which did not reveal any discrimination.  As such, the Court will overrule this objection, too.

The rest of Thomas's objection are so lacking in merit as not to require any discussion.  Hence, the Court will overrule them as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Thomas's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that the Department's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 22nd day of April, 2022, in Columbia, South Carolina.

                                                              s/ Mary Geiger Lewis
                                                              MARY GEIGER LEWIS
                                                              UNITED STATES DISTRICT JUDGE

\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Thomas is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.